N. Crook, Appellant, v. Samuel Gruell, Appellee.

Assignment : ACTION BY ASSIGNEE.: PLEADING.

*Appeal from Cedar District Court.*—Hon. J. D. Giffen, Judge.

THURSDAY, FEBRUARY 5, 1891.

ACTION for damages for injuries to a team, buggy and harness by reason of the alleged negligence of the defendant. A demurrer to the petition was sustained, and plaintiff appeals.—*Affirmed.*

*Davis & Voris* and *W. G. W. Geiger*, for appellant.

*Wolf & Hanley*, for appellee.

ROTHROCK, J.—It appears from the averments of the petition that C. S. Bennett was engaged in procuring the right of way for a railroad, and that he employed the defendant, who was a notary public or justice of the peace, to assist in procuring said right of way. That Bennett hired a team, buggy and harness of the plaintiff, to be used in said business. While the team was in use in the enterprise the horses ran away, and one of them was killed, and the buggy was demolished. Bennett afterwards died, and the plaintiff brought an action or presented a claim against his estate to recover damages for the injury, and a recovery was had as against Bennett's executors. Soon after the judgment was recovered the executors of said estate executed and delivered to the plaintiff an instrument in writing, of which the following is a copy :

"In consideration of the satisfaction of a certain claim, and judgment rendered and entered thereon by the district court of Linn county, in case entitled N. Crook *v.* Helen Bennett and James L. Beaver, executors of the estate of C. S. Bennett, deceased, against said defendants, as such executors, in the sum of one hundred and ninety and fifty-hundredths dollars, and costs taxed at thirty-three and ninety-hundredths dollars, we hereby sell, transfer and assign unto said N. Crook all claim and demand of every kind and nature which we have or may have against Samuel C. Gruell, on account of damages sustained by us, as such executors, by reason of said above judgment rendered against us on account of the negligence and carelessness of the said Samuel C. Gruell, causing the damages to the plaintiff in the above-entitled cause, by reason of which said judgment was rendered against us; this assignment being without recourse on us. Dated October 17, 1888.

"HELEN V. BENNETT.
'"JAS. L. BEAVER.
"Executors of Estate of C. S. Bennett, Deceased."

It is averred in the petition, in substance, that this paper was an assignment of a cause of action which the Bennett estate held against the defendant herein for his negligence in allowing the team to run away. One of the grounds of the demurrer was that this was not an assignment of a cause of action, but that it is an assignment of the damages sustained by reason of the judgment. The different phases of the plaintiff's proceeding to recover his damages are so much out of the line of ordinary legal procedure that it is difficult to determine just what this instrument ought to be called. It appears that the consideration for the instrument is the satisfaction of the judgment by plaintiff. His position is this : He brought an action against the estate of Bennett for damages, and, after recovering judgment, he took an assignment from the judgment defendant, so that he might

recover of another party. But the assignment is for damages sustained by reason of the judgment, and the petition assumes that the recovery is to be had for the amount of the judgment and costs. In our opinion, the demurrer was properly sustained upon the ground above stated. The petition appears to be grounded upon the idea that a recovery can be had upon the judgment. If we had doubt upon the subject, we think the doubt ought to be resolved in favor of the ruling of the court, because litigation should be carried on openly and without concealment. This plaintiff has probably for some sufficient reason made some sort of compromise with the executors,—probably received payment of some part of the judgment,—and he is now claiming the full amount of the defendant. As he is claiming in argument to recover just what the executors could have recovered if they had not assigned their claim to him, he ought to come out in open daylight, and aver just how much the estate was damaged,—how much money they paid for the satisfaction of the judgment. He must stand in the place of the executors in preferring any claim against the defendant. We think the ruling of the court in sustaining the demurrer was correct. This disposition of the case renders it unnecessary to determine the motion presented to the court by appellee. AFFIRMED.

GRANGER, J. (*dissenting*).—The facts, in a simple form for consideration, using the name of Bennett instead of the executors, are these : Bennett becomes liable to the plaintiff because of the negligence of his (Bennett's) agent or employe. The negligence of the employe (defendant) makes him, in turn, liable to Bennett. Bennett's liability is established by judicial inquiry. If Bennett pursues his remedy, the damages for the negligent act must, in the end, be paid by defendant. For the release of plaintiff's claim against him (Bennett) he assigns his claim or right of action against the defendant to the plaintiff. Now, the plaintiff, instead of Bennett, may recover from the defendant. The effect is precisely the same as if Bennett himself paid the judgment, and required the defendant to pay him. The assignment in unmistakable terms assigns or tran-fers the claim of Bennett against the defendant. The petition clearly states facts showing a liability of defendant to Bennett, which the demurrer admits. The fact, conceding it, that the petition asks too much as for judgment and costs recovered against Bennett, would not render it vulnerable to a demurrer if anything would be due, and there surely would be. I think the demurrer was improperly sustained, and that the judgment should be reversed.